Hampton W. ROOKARD, Libelant,

v.

UNITED STATES of America, Respondent.

No. 19720.

United States District Court
E. D. New York.

Sept. 28, 1954.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., for respondent.

Jacob Rassner, New York City, for libelant.

RAYFIEL, District Judge.

The libelant sued herein to recover damages for personal injuries sustained by him as a result of the negligence of the respondent and the unseaworthiness of the vessel on which he was employed.

The respondent moves to dismiss the libel on the ground that this Court is without jurisdiction to hear and determine the action, contending that the libelant's sole and exclusive remedy is under the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq.

Paragraph "Fourth" of the libel alleges that the vessel involved was a public vessel and that the libelant was a civilian seaman in the employ of the respondent as a member of its crew.

The case of Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 857, 96 L.Ed. 1051, is exactly in point. Mr. Justice Reed, who delivered the opinion of the Court, said: "The Federal Employees' Compensation Act, 5 U.S.C. § 751 et'seq., 5 U.S.C.A. § 751 et seq., was enacted to provide for injuries to Government employees in the performance of their duties. It covers all employees. Enacted in 1916, it gave the first and exclusive right to Government employees for compensation, in any form, from the United States. It was a legislative breach in the wall of sovereign immunity to damage claims * * *. Such a comprehensive plan for waiver of sovereign immunity, in the absence of specific exceptions, would naturally be regarded as exclusive" and: "All in all we are convinced that the Federal Employees' Compensation Act is the exclusive remedy for civilian seamen on public vessels. * * *"

The libelant, in opposing the respondent's motion to dismiss the libel, cites the cases of American Stevedores, Inc., v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011, and Canadian Aviator, Ltd., v. United States, 324 U.S. 215, 65 S.Ct. 639, 89 L.Ed. 901, the opinions in both of which cases, incidentally, were also delivered by Mr. Justice Reed. The Canadian Aviator, Ltd., action was brought to recover damages for injuries to the libelant's vessel, which was in collision with a vessel of the United States. In the Porello case the injured person was employed by American Stevedores, Inc., and not by the United States, and therefore was not entitled to the benefits of the Federal Employees' Compensation Act.

The case of Johansen v. United States, supra, is controlling on this Court, and hence the respondent's motion is granted and the libel dismissed.

Settle order on notice.